SO ORDERED: October 22, 2012.



Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MELISSA HILL | ) | CASE NO. 11-10213-AJM-7 |
| | ) | |
| Debtor | ) | |

**ORDER ON TRUSTEE'S MOTION FOR TURNOVER**

This matter came before the Court upon the Trustee's Motion for Turnover of

half of the pro-rated federal and state tax returns to Thomas A. Krudy, the chapter 7

trustee (the "Trustee").  Hearing on that motion was held on August 8, 2012 wherein the

Debtor appeared by counsel, Steven Taylor; the Trustee appeared by counsel, Lucas

Sayre.  The Court heard the legal arguments of counsel and took ruling on the matter

under advisement.  The parties were given the opportunity to submit briefs supporting

their respective legal positions.  The Debtor filed her brief on September 24, 2012.  For

the reasons stated below, the court now directs the Debtor and her non-filing spouse to

compute their respective shares of income, withholding, and contributions as "married

filing singly" individuals in order to determine what portion of the couples' tax refunds are the Debtor's property, and therefore, property of the estate.

### *Background*

There is no dispute as to the pertinent facts.  The Debtor is married but her husband is not a debtor in bankruptcy.  The Debtor and her husband (the "Non-Debtor") filed joint state and federal tax returns for 2011.  The Debtor 's 2011 W-2 statement reported $528 in wages for 2011.  No federal taxes were withheld and $25.48 in state taxes was withheld.  The Debtor and the Non Debtor reported $60,365 in wages and salaries on line 7 of their 2011 federal tax return, so the Non Debtor's 2011 wages amounted to $59,837, from which $4,308.33 was withheld for federal taxes and $2,942.22 was withheld for state taxes.  The Debtor and the Non Debtor received a federal refund of $6,725.00 and a state refund of $1,125.00.   These amounts are based on taxes withheld, a $10,000 loss realized on property owned solely by the Non Debtor, and an Earned Income Credit ("EIC") or child tax credit in the amount of $4,000. The Debtor filed her chapter 7 case on August 12, 2011 (the "Petition Date").  Because the 2011 joint tax returns filed by the Debtor and Non Debtor were based on a regular calendar year, 61.37% of the refunds are attributable to income earned up to the Petition Date.  The Trustee seeks turnover of "debtor's nonexempt interest in 224/365ths of her FY 2011 federal / state refunds...".  The Debtor objects to turnover based on the Debtor's modest income and tax withholdings and the fact that the lions' share of the refunds are attributable to the Non Debtor's income, withholdings, losses and credits, and therefore it is not property of her bankruptcy estate.

### *Discussion*

A chapter 7 trustee is charged with administering property of the debtor's

bankruptcy estate.  Property of the estate" is broadly defined under Section 541 to

include all the debtor's legal and equitable interests in property held as of the

commencement of the case.  11 U.S.C. §541 (a)(1).  Although §541 defines "property

of the estate", state law defines the nature and extent of those property interests.

*Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).   Property of the

estate includes tax refunds that relate to income earned pre petition.  Refunds from

jointly-filed returns present unique issues when only one of the spouses files

bankruptcy.

While the nature and extent of a debtor's property interest is defined by state

law, Indiana is not a community property state and this Court was unable to find (and

neither of the parties have directed it to) cases or statutes addressing the nature of

each spouse's individual interest in a joint tax refund outside the context of a dissolution

proceeding.  See, *In re Kelly*, Case No. 08-23815 JPK, p. 4,  (Bankr. N. D. Ind.)

(January 7, 2010). ("There is no case in Indiana which discusses or determines in any

manner the several interests of a husband and wife in a tax refund derived from a joint

tax return filed by those spouses, apart from the inapposite cases relating to disposition

of property interests in a dissolution of marriage action").  As such, the Court will look to

bankruptcy and other applicable federal law.

The allocation between a debtor and a non debtor of tax refunds resulting from

jointly filed tax returns is not new and has been the topic of at least two cases issued by

bankruptcy judges in this District as well as several other courts outside of this District.

Courts addressing this issue have employed a variety of approaches in determining

what portion of the refunds are the debtor's and, thus, property of the estate.  The

majority approach holds that a joint refund be allocated according to the spouses'

respective tax withholdings.  A debtor that does not withhold taxes is not entitled to any

refund.  Another approach bases allocation upon the parties' respective incomes and

other "contributions".  "Contributions" include financial contributions such as estimated

tax payments and non financial contributions such as earned tax credits.  The minority

approach adopts an allocation method similar to that employed in dissolution cases and

equally splits the refund, regardless of the respective spouses' withholdings, income or

contributions.  For a discussion of these different approaches, see, *In re Evans,* 449

B.R. 827, 829 (Bankr. N. D. Ga. 2010); *In re Palmer*, 449 B.R. 621, 624 (Bankr. D. Mt.

2011).

Two of my esteemed colleagues have employed the 50/50 test, applying the

presumption that the pro rated refunds be split equally, rebuttable only by evidence of a

domestic relations court order or an enforceable, written contract entered into between

the spouses pre petition which expressly designates allocation of the refund.  See,  *In*

*re Smith*, Case No. 09-7276-BHL-7A (Bankr. S. D. Ind.)(February 2, 2011) and *In re*

*Page,* Case No. 10-10728-JKC-7A (Bankr. S. D. Ind.) (January 10, 2012).  Despite the

ease with which this "bright line" approach is applied, I respectfully disagree that it is

appropriate to apply under these circumstances and choose not to adopt it.  The 50/50

approach uses an allocation method based on dissolution law, but a  dissolution

proceeding and a bankruptcy case serve very different objectives.  The objective of a

dissolution action is to equalize the division of property according to the spouses'

individual needs and means of support.  The objective of a bankruptcy proceeding on the other hand is to determine a debtor's property interests and how to distribute them to creditors.  The non-filing spouse's  greater need for the debtor's property in order to achieve an equitable equalization is irrelevant in a bankruptcy proceeding.  See, *In re Crowson*, 431 B.R. 484, 489 (10th Cir. BAP 2010).

Instead, I adopt the approach devised by the Bankruptcy Appellate Panel of the Tenth Circuit in *Crowson* which has been referred to as the "Internal Revenue Service formula" approach because it adopts IRS revenue rulings and IRS manual provisions that pertain to allocating overpayments between taxpayers who file joint returns.  *Id*. at 490.  A basic tenet of the revenue rulings relied on in *Crowson* is that each spouse has a separate interest in both jointly reported income and a joint refund.  *Id.* at 491; *Palmer*, 449 B.R. at 626.  The Internal Revenue Service formula "is a blended approach that considers both income and withholdings by calculating a spouse's individual refund by subtracting a spouse's individual liability, determined in accordance with the married filing separate formula, from the spouse's contribution toward the joint liability".  *Id*. Admittedly, this approach is more cumbersome than the "bright line" 50/50 approach, but I believe it most accurately reflects the respective spouses' withholdings, income and contributions as a whole instead of focusing only on one of those factors.

The joint refund here arose from withheld taxes, property loss and the EIC.  The spouses' respective withheld taxes have already been calculated and it is undisputed that all tax attributes with respect to the $10,000 property loss belong to the Non Debtor as the loss involved property owned solely by the Non Debtor.  The Debtor's and Non

Debtor's respective contributions to the EIC will need to be calculated in accordance with the method set out in *Crowson*, starting on page 492, detailed description of which does not lend itself to discussion here. [1]   The sum of these three items will determine the amount of the joint refund in which the Debtor has an interest, and, applying the 61.37% to the Debtor's interest will determine the amount to be turned over to the Trustee. [2]   Because the *Crowson* methodology considers all the pertinent factors involved when spouses file joint tax returns, the Court is of the opinion that the same methodology should be applied to the state tax refund.

Thus, the Court directs counsel for the Debtor to cause the Debtor to prepare a pro forma 2011 tax return under the hypothetical "married filing separately" ("MFS") status and then submit that return to the Trustee within 30 days of the date of this order.  Within 15 days of the Trustee's receipt of the MFS return, he shall do one of two things: (1) file a written objection with the Court if he objects to the calculations or the methodology used on the MFS return or (2)  either amend or withdraw his motion for turnover, but only as it relates to the joint tax refund. [3]   The Court will set objections for

---

[1]  Both the Debtor and the Non Debtor will need to determine what each spouse's EIC would be if they filed separate tax returns, e.g "married filing separately", reflecting only their respective incomes, using the IRS's EIC tables described in *Crowson*.  Once both the Debtor and the Non Debtor determine their hypothetical / individual EIC's, they will add both of these  individual EIC's and determine their respective percentages of the whole.  These percentages will be multiplied by the actual joint EIC to determine the Debtor's and the Non Debtor's respective shares of the joint EIC. See, *Crowson*, 431 B.R. at 492-494.

[2] Compared to the 50/50 approach, application of the Internal Revenue Service formula here may work to the Trustee's disadvantage.  However, had the situation been reversed, and had the Non Debtor been the spouse to file bankruptcy, application of this formula may have allowed the Trustee to recover much more than half of the joint tax refunds.

[3] The Trustee in his turnover motion has also asked for "funds on deposit", to which the Debtor has not objected and the Trustee's motion will be granted to this extent.

hearing in due course.

Accordingly, the Trustee's Motion for Turnover is

(1)     GRANTED as set forth under the terms of this order with respect to the

joint tax refunds and

(2)     GRANTED with respect to debtor's share of funds on deposit as of the

petition date.

### # # #

Distribution:
Steven Taylor, Attorney for Debtor
Paul Gresk / Lucas Sayre, Attorneys for Thomas A. Krudy, Chapter 7 Trustee